UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CANISIUS COLLEGE,

Plaintiff,

v.

THE VANGUARD GROUP,

Defendant.

**DECISION AND ORDER**
03-CV-217S

## I. INTRODUCTION

On March 20, 2003, Defendant removed this action from state court, where Plaintiff had filed a Complaint alleging breach of contract and negligence claims. On May 15, 2003, Defendant filed a Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On July 8, 2003, this Court denied Defendant's motion as moot and directed Plaintiff to file an Amended Complaint.

Plaintiff filed its Amended Complaint on July 31, 2003. The Amended Complaint contains two causes of action: breach of contract and professional negligence. On August 29, 2003, Defendant again filed a Motion to Dismiss, the motion that is currently at bar.[1] After full briefing, this Court heard oral argument on Defendant's motion on October 22, 2003, and reserved decision at that time. For the reasons that follow, Defendant's motion is granted in its entirety.

## II. FACTS

For purposes of adjudicating the present Motion to Dismiss, this Court assumes the truth of the following factual allegations contained in Plaintiff's Amended Complaint. See

[1] In support of its Motion to Dismiss, Defendant filed a memorandum of law with attached exhibits and a reply memorandum of law. In opposition to Defendant's motion, Plaintiff filed a memorandum of law.

Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740, 96 S.Ct. 1848, 1850, 48 L.Ed.2d 338 (1976); see also Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll., 128 F.3d 59, 63 (2d Cir. 1997).

Plaintiff Canisius College is an educational institution organized under the laws of the State of New York. (Amended Complaint, ¶ 1.) Defendant The Vanguard Group is a mutual fund company having its principal office in Valley Forge, Pennsylvania. (Amended Complaint, ¶ 2.)

At all times relevant, Defendant was the corporate manager, administrator and distributor of various mutual funds, including the Vanguard Institutional Index Fund ("the Fund"). (Amended Complaint, ¶ 5.) Investors in the Fund paid Defendant for its corporate management, administrative and other services out of the Fund's assets. (Amended Complaint, ¶ 6.) Defendant's administrative services included processing purchases, redemptions and exchanges of Fund shares and the remittance of redemption proceeds. (Amended Complaint, ¶ 7.)

In or about January of 1996, Plaintiff invested a portion of its endowment holdings in the Fund. (Amended Complaint, ¶ 8.) At the time of this investment, Plaintiff executed an Account Registration Form on which it selected "wire redemption" as the method by which its redemption proceeds should be remitted. (Amended Complaint, ¶ 9 and Exhibit A.[2]) Plaintiff also received the Fund prospectus dated April 21, 1995 ("the Prospectus") at the time of its investment. (Amended Complaint, ¶ 10.) In relevant part, the Prospectus provides as follows:

[2]Exhibit A to Plaintiff's Amended Complaint contains a copy of the Account Registration Form.

> Any portion of an account may be withdrawn by contacting your Service Representative. The redemption proceeds will be wired to the bank account indicated on the Account Registration Form five business days following receipt of a request.

(Amended Complaint, ¶ 10 and Exhibit B, p.15.[3])

In or about September 2002, Plaintiff instructed Defendant to redeem its remaining shares in the Fund on Friday, September 27, 2002, and to wire the proceeds to its bank account on Monday, September 30, 2002. (Amended Complaint, ¶ 12.) Plaintiff advised Defendant that it intended to reinvest the proceeds (along with proceeds from a non-Vanguard account) on September 30, 2002. (Amended Complaint, ¶ 13.) Defendant expressly acknowledged Plaintiff's instruction and confirmed that it would wire the proceeds as instructed. (Amended Complaint, ¶ 14.)

Defendant redeemed Plaintiff's shares in the Fund on September 27, 2002, but did not wire the proceeds, totaling $4,154,905.23, until October 1, 2002. (Amended Complaint, ¶ 15.) Plaintiff states that due to Defendant's one day delay in wiring the proceeds, it incurred a loss of $147,814.99, which represents the difference between the cost of the shares in which it reinvested the proceeds on October 1, 2002, and the amount it would have paid for the same investment on September 30, 2002. (Amended Complaint, ¶ 16.) Plaintiff alleges that it suffered further damage in the amount of $59,701.69, which represents the difference in the cost of the shares in which it reinvested the proceeds from the liquidation of the non-Vanguard account and the amount it would have paid for those shares if the proceeds had been wired as instructed, and the proceeds reinvested as planned on September 30, 2002. (Amended Complaint, ¶ 17.)

---

[3]Exhibit B to Plaintiff's Amended Complaint contains a copy of the Prospectus.

## III. DISCUSSION AND ANALYSIS

### A. Motion to Dismiss Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a Complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12 (b)(6). A court may dismiss an action under this rule if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which will entitle him to relief." Cohen v. Koenig, 25 F.3d 1168, 1172 (2d Cir.1994) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

On such a motion, "[t]he issue is not whether a plaintiff will or might ultimately prevail on her claim, but whether she is entitled to offer evidence in support of the allegations in the complaint." Hamilton Chapter, 128 F.3d at 62 (citation omitted). As noted above, when a court decides a motion under Rule 12, all well-pleaded factual allegations contained in the Complaint are assumed true and construed in the non-moving party's favor. See Still v. DeBuono, 101 F.3d 888, 891 (2d Cir. 1996). "[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991). However, "conclusory allegations of the legal status of the defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss." Frontier-Kemper Constructors, LLC v. Am. Rock Salt Co., 224 F.Supp.2d 520, 525 (W.D.N.Y. 2002)(citations omitted).

### B. Plaintiff's First Cause of Action: Breach of Contract

To state a claim for breach of contract under New York law,[4] a plaintiff must allege (1) that a contract between the parties existed, (2) that the plaintiff performed its obligations under the contract, (3) that the defendant breached its obligations under the contract, and (4) that the plaintiff suffered damages. See Terwilliger v. Terwilliger, 206 F.3d 240, 245-46 (2d Cir. 2000); Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525 (2d Cir. 1994); W.B. David & Co., Inc. v. DWA Communications, Inc., No. 02 Civ. 8479, 2004 WL 369147, at *2 (S.D.N.Y. Feb. 26, 2004). Plaintiff alleges that the Account Registration Form and the Prospectus are the basis of the contract between the parties, and in the alternative, alleges that a contract existed for Defendant "to process any redemptions . . . in such other manner as [Plaintiff] might instruct and to which [Defendant] might agree." (Amended Complaint, ¶ 19.) This Court will address each allegation in turn.

#### 1. Account Registration Form and Prospectus

Plaintiff has stated unequivocally (both at oral argument and in its papers) that its breach of contract claim is premised on Defendant's alleged breach of the Prospectus provision that states as follows:

> Any portion of an account may be withdrawn by contacting your Service Representative. The redemption proceeds will be wired to the bank account indicated on the Account Registration Form five business days following receipt of a request.

(Amended Complaint, ¶ 10 and Exhibit B, p.15; Tr. at 2.[5])

---

[4] Removal was premised on this Court's diversity jurisdiction, with Plaintiff being from New York and Defendant being from Pennsylvania. (Amended Complaint, ¶¶ 1, 2.) The parties have not briefed the choice of law issue, although Defendant avers that Plaintiff's Amended Complaint is deficient under both New York and Pennsylvania law. For purposes of this motion, this Court will apply New York law.

[5] Referring to the transcript of the oral argument conducted before this Court on October 22, 2003.

Assuming for the sake of this motion that the Account Registration Form and the Prospectus constitute a binding contract between the parties, this Court finds that Plaintiff has sufficiently alleged the existence of a contract. However, Plaintiff has conceded that it did not perform its obligations under the provision of the Prospectus upon which it bases its claim.

At oral argument, Plaintiff's counsel conceded that Plaintiff did not make its redemption request five business days prior to the date it wished to have the proceeds wired to its bank account. (Tr. at pp. 2, 6, 16.) Instead, Plaintiff's claim hinges on acceptance of its argument that the Prospectus provision, despite its plain language, should be interpreted to mean that "[Defendant] agreed to wire proceeds the business day following a redemption, provided that the investor gave [Defendant] five business days' notice of the intended redemption." (Plaintiff's Memorandum of Law, p. 4.) This Court finds this argument wholly unpersuasive.

It is well-settled that where "a contract is clear, courts must take care not to alter or go beyond the express terms of the agreement, or to impose obligations on the parties that are not mandated by the unambiguous terms of the agreement itself." Red Ball Interior Demolition Corp. v. Palmadessa, 173 F.3d 481, 484 (2d Cir. 1999). Further, when the contract is unambiguous "courts are required to give effect to the contract as written and may not consider extrinsic evidence to alter or interpret its meaning." United States Trust Co. of New York v. Jenner, 168 F.3d 630, 632 (2d. Cir. 1999) (quoting Consarc Corp. v. Marine Midland Bank, N.A., 966 F.2d 568, 573 (2d Cir. 1993)).

This Court finds that the language in the Prospectus upon which Plaintiff relies is clear and unambiguous. The Prospectus clearly states that "redemption proceeds will be

wired to the bank account indicated on the Account Registration Form five business days following receipt of a request." (Amended Complaint, ¶ 10 and Exhibit B, p.15.) There is no ambiguity in this statement and Plaintiff points to none. Instead, Plaintiff summarily argues that its alternative interpretation is more reasonable. However, a party "cannot create an ambiguity in an otherwise plain agreement merely by 'urg[ing] different interpretations in the litigation.'" Red Ball Interior Demolition Corp., 173 F.3d at 484. In the absence of ambiguity, this Court is bound to uphold the plain language of the contract.

Here, Plaintiff concedes that it did not make its redemption request five days prior to the date it wished to have the redemption proceeds wired to its bank account. (Tr. at pp. 2, 6, 16.) Moreover, Plaintiff does not allege that Defendant failed to wire its redemption proceeds five days after a request, as required by the Prospectus. Accordingly, this Court finds that Plaintiff has failed to state a claim for breach of contract. Painewebber, Inc. v. Bybyk, 81 F.3d 1193, 1199 (2d Cir. 1996) (When "'the intent of the parties can be determined from the face of the agreement, interpretation is a matter of law,' and a claim turning on that interpretation may thus be determined by summary judgment or by dismissal.") (quoting American Express Bank Ltd. v. Uniroyal, Inc., 164 A.D. 2d 275, 277 (1st Dep't 1990)). Defendant's Motion to Dismiss is therefore granted.

### 2. Plaintiff's Alternative Pleading[6]

As noted above, Plaintiff has pled in the alternative that a contract existed for

[6] Plaintiff's memorandum of law in opposition to Defendant's motion makes clear that its claim in this case is that Defendant failed to wire the redemption proceeds in accordance with the terms of the Account Registration Form and Prospectus. (Plaintiff's Memorandum of Law, p. 2-3.) Plaintiff's alternative theory is therefore surplusage, but this Court addresses it nonetheless because the parties have both fully briefed the issue.

Defendant "to process any redemptions . . . in such other manner as [Plaintiff] might instruct and to which [Defendant] might agree." (Amended Complaint, ¶ 19.) Plaintiff does not identify any provision in the parties' agreement for the handling of redemptions in this manner. Instead, Plaintiff argues through negative inference that this method of redemption must be available because the Prospectus does not indicate that the "wire proceeds" provision (relating to the wiring of redemption proceeds five business days after a request), is the *only* method by which redemptions may be processed. This argument is unpersuasive.

Conclusory statements that are unsupported by factual allegations are insufficient to withstand a motion to dismiss. See DeJesus v. Sears, Roebuck & Co., 87 F.3d 65, 70 (2d Cir. 1996); Sever v. Glickman, 298 F.Supp.2d 267, 272-73 (D.Conn. 2004). Nowhere in its Complaint does Plaintiff allege facts supporting the existence of an agreement for Defendant "to process any redemptions . . . in such other manner as [Plaintiff] might instruct and to which [Defendant] might agree."[7] See Highlands Ins. Co. v. PRG Brokerage, Inc., No. 01 Civ. 2272, 2004 WL 35439, at *8 (S.D.N.Y. Jan. 6, 2004) ("A breach of contract claim will be dismissed, however, as being too vague and indefinite, where the plaintiff fails to allege, in nonconclusory fashion, the essential terms of the parties' purported contract, including the specific provisions of the contract upon which liability is predicated." (quotations and citation omitted).) Defendant's Motion to Dismiss Plaintiff's alternative

[7]The closest Plaintiff comes to alleging facts in support of this theory is its allegation that "[o]n at least four occasions between September 1996 and May 2002, Canisius instructed Vanguard to redeem certain of its shares in the Fund and to wire the proceeds to its bank account on a specified date; on each such occasion, Vanguard complied with Canisius' instructions without question." (Amended Complaint, ¶ 11.) However, Plaintiff does not allege or argue that this gave rise to any enforceable agreement between the parties to process redemption wire transfers as described in Plaintiff's alternative theory.

theory is therefore granted.

**C. Plaintiff's Second Cause of Action: Professional Negligence**

In its second cause of action, Plaintiff alleges that Defendant was professionally negligent in processing its redemption request. (Amended Complaint, ¶¶ 23-26.) Defendant moved against this claim as well, and Plaintiff has consented to its dismissal. (Plaintiff's Memorandum of Law in Opposition, p. 4.) Accordingly, Defendant's Motion to Dismiss Plaintiff's second cause of action is granted.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss Plaintiff's Amended Complaint is granted in its entirety.

## V. ORDERS

IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss (Docket No. 23) is GRANTED.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: March 22, 2004
Buffalo, New York

s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge